**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BUTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>$36,788.40 U.S. CURRENCY,<br><br>                    Defendant. | CV 04-14-BU-CSO<br><br>**ORDER** |

Before the Court are Claimant Gary L. Quigg's ("Quigg") Renewed Motion for Order Permitting Correspondence with Incarcerated Witnesses/Alternative Motion for Appointment of Counsel (*Court's Doc. No. 29*) and the parties' status reports (*Court's Docs. Nos. 36 & 37*).

I.  **Quigg's Renewed Motion**

In his motion, Quigg states that the reasons for the renewed motion are "(1) Claimant has been unable to obtain counsel in this matter despite having contacted over a dozen attorneys in Butte, Helena, and Anaconda, . . .; and (2) the reasons advanced by the Department of Corrections for denying the request are unsupported by any factual basis, and are an exaggerated response[.]"  *Quigg's Mot.* at 1.

On August 4, 2005, the Court issued an Order (*Court's Doc.*

-1-

*No. 26*) denying Quigg's motion for permission to correspond with other inmates, finding that the Montana State Department of Corrections' ("MSDC") policy regarding inmate correspondence satisfied all four prongs of the Turner v. Safley, 482 U.S. 78 (1987), test, and therefore was valid.  Quigg states in his renewed motion that the four factors of Turner are not met.  See *Quigg's Mot.* at 3-6.

MSDC asserts the same arguments it previously raised.  It also argues that "Quigg fails to identify the names, status or location of the offenders with whom he requests to correspond.  Further, Quigg fails to articulate the content of the requested communication or its relevancy to the forfeiture proceedings." *MSDC's Renewed Objection* at 1.

In its previous Order,[1] the Court held that Quigg had alternative means for exercising the right in question.  The Court found that one alternative would be for Quigg to retain counsel and "have counsel interview the witnesses and respond to the United States' discovery requests."  The Court further suggested as an alternative that Quigg "answer the United States' discovery requests to the best of his ability and indicate whom he believes has further information."

Quigg now represents that he has attempted to contact "over

---

[1] The Court's previous Order discussed the Turner standards and applicable law.  Accordingly, that analysis will not be repeated here.

-2-

a dozen attorneys in Helena, Butte, and Anaconda" for help in this matter.  He indicates that he has "not received even one favorable reply."  *Quigg's Mot.* at 4.  Quigg suggests that a more "realistic reasonable alternative" would be for the Court to appoint counsel.  Quigg further indicates, per the Court's suggestion, that he "did answer the United States' discovery requests to the best of his ability, indicating some persons who may have further information."  Id.

The Court is aware of Quigg's dilemma, and his need to correspond with these incarcerated witnesses.  It also appears, based on Quigg's representations, that he has no further alternative means for exercising the right in question.  The Court, however, will not grant Quigg's request for appointment of counsel.  The Court will allow Quigg to file with the Court a Notice of Intended Correspondence.  In his notice, Quigg must identify the names and addresses' of the offenders with whom he requests to correspond and a copy of the intended correspondence for each person.  After reviewing the intended correspondence, the Court will then make a determination about whether to allow Quigg to correspond with these inmates.

**II.  STATUS REPORTS**

After reviewing the parties' status reports, the Court determines that a telephonic status conference is not necessary.  Based on the information provided, the Court finds it necessary

to establish deadlines to govern all further pretrial proceedings.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

(1)  On or before **Tuesday, December 20, 2005,** Quigg shall file a Notice of Intended Correspondence.  In his notice, Quigg shall identify the names and addresses' of the offenders with whom he requests to correspond and a copy of the intended correspondence for each person

(2)  Quigg's Motion for Appointment of Counsel (*Court's Doc. No. 29*) is **DENIED.**

(3)  The following deadlines shall govern all further pretrial proceedings:

| | |
|---|---|
| Motions Deadline (with supporting briefs): | **Tuesday, January 31, 2006** |
| Attorney Conference to Prepare Final Pretrial Order and Serve Proposed Exhibits on Other Parties (Plaintiff's counsel shall initiate the conference): | **Week of March 20, 2006** |
| Notice of Intent to Use Electronic Exhibits or Video Conferencing for Witnesses: | **Friday, April 7, 2006** |
| Submit Final Pretrial Order, Proposed Findings and Conclusions, Exhibits, and Trial Brief (brief is optional): | **Friday, April 7, 2006** |
| Final Pretrial Conference: | **Tuesday, April 18, at 8:15 a.m.,** Federal Courthouse, Butte, Montana |

Bench Trial (Trial is expected to
last 1-2 days):                             **Tuesday, April 18, 2006,
                                            at 9:00 a.m.**, Federal
                                            Courthouse, Butte,
                                            Montana

**IT IS FURTHER ORDERED:**

   (1)  **MOTIONS:**

        Briefing of all motions shall be in accordance with L.R. 7.

   (2)  **COURTROOM TECHNOLOGY:**

        All questions regarding courtroom technology and technology available for trial may be directed to Gretchen Jendro (406) 454-7823.

   (3)  **DISCOVERY:**

        (a)  Pursuant to Fed. R. Civ. P. 16(c)(6), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

        (b)  <u>During discovery, exhibits shall be numbered seriatim</u>.  Numbers used for exhibits during discovery shall be identically used at trial.

   (4)  **EXPERT REPORTS:**

        (a)  Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate and tailored to the issues on which the expert is expected to testify.

        (b)  Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B).  **An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.**

    (c)    In this regard, a treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

    (d)    Expert reports, if not already filed, must be submitted to the Court on the date indicated above.

(5) **FINAL PRETRIAL ORDER:**

    (a)    Parties **must** exchange exhibits at the attorneys' conference convened for the purpose of completing the Final Pretrial Order.

    (b)    Objections to any exhibits or use of deposition testimony shall be included in the proposed final pretrial order, stating the grounds for the objections.  See L.R. 16.4 & 16.5.  **Failure to disclose such an objection is a <u>waiver</u> of the objection**.  See L.R. 16.5(b)(5).

    (c)    The Final Pretrial Order must comply with the form prescribed by L.R. 16.4 and with the provisions of Fed. R. Civ. P. 26(a)(3)(A)-(C).

(6) **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    (a)    The parties shall jointly prepare proposed Findings of Fact upon which they agree, with citations to the record for each Finding of Fact.  Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which the parties cannot reach agreement.

    (b)    The parties shall jointly prepare proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of Law.  Each party may also prepare a separate proposed Conclusion of Law with appropriate citations for each Conclusion of Law for matters upon which parties cannot reach agreement.

    (c)    The parties shall file with the Clerk of Court in the Great Falls division their proposed Findings of Fact and Conclusions of Law on or before the date specified above.

    (d)    The parties also shall deliver **two copies** of their proposed Findings of Fact and Conclusions of Law to the Chambers of Judge Ostby, in Great Falls, on or before the date specified above.

    (e)    The parties shall submit a copy of their proposed findings of fact and conclusions of law on a 3.5" disc **in WordPerfect 12.0 format** to the Chambers of Judge Ostby, in Great Falls, on or before the date specified above.

(7) **EXHIBITS:**

    (a)    **Original exhibits** shall be submitted to the Clerk of Court in the Great Falls division by the date specified above.

    (b)    **One copy** of the original exhibits shall be delivered to the Chambers of Judge Ostby, in Great Falls, by the date specified above.

    (c)    The exhibits are to be bound in a loose leaf binder. Each exhibit in the binders shall bear an extended tab showing the number of the exhibit. **Each** exhibit document will be paginated, including any attachments thereto.

    (d)    Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Plaintiff using an agreed upon range of arabic numbers and by Defendant using a different agreed upon range of arabic numbers. **Numbers used for exhibits during discovery shall be identically used at trial**.

    (d)    **Exhibits shall not be duplicated**. An exhibit may be used by either of the parties.

(8) **CALLING WITNESSES AT TRIAL**

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court 4 copies of a

-7-

      single page document providing the following information about the witness:

      (a)   the full name and current address of the witness;

      (b)   a brief description of the nature and substance of the witness's testimony, including, if the witness is an expert, a complete statement of each opinion to be expressed by the witness;

      (c)   the date witness was deposed or the statement taken; and

      (d)   a listing of each exhibit to which the witness may refer during direct examination.

DATED this 5th day of December, 2005.

                                           **/s/ Carolyn S. Ostby**
                                           Carolyn S. Ostby
                                           United States Magistrate Judge